**AT, INC., Plaintiff,**

v.

**UNITED STATES of America and Secretary of the Army, Defendants.**

No. CIV. 3:CV–98–710.

United States District Court, M.D. Pennsylvania.

July 6, 1998.

Herbert Bass, Marjorie Stern Jacobs, Philadelphia, PA, for Plaintiff.

Dulce Donavan, Harrisburg, PA, for Defendants.

## MEMORANDUM and ORDER

NEALON, Senior District Judge.

This action was initially instituted in the Monroe County Court of Common Pleas by plaintiff, AT, Inc., against the United States and the Secretary of the Army, under the Pennsylvania Eminent Domain Code, 26 P.S. §§ 1–101 et seq., in which plaintiff seeks the appointment of a Board of Viewers to determine the amount of damages sustained by it as the result of a de facto condemnation of its leasehold interest by defendant. In essence, plaintiff, as defendants' lessee, to an apartment complex in Coolbaugh Township, Pa., contends that it is losing tenants because the government has engaged in pre-condemnation activities since September, 1997, with notice to tenants and the public, but has failed to follow through with an actual condemnation. Defendants have filed a motion to dismiss alleging that the court has no jurisdiction inasmuch as the government has not waived its sovereign immunity. The motion has been fully briefed and, for the reasons that follow, will be granted.

### Discussion

The material facts are not in dispute and need not be spelled out in detail. As previously mentioned, defendants assert that Congress has not waived the United States Sovereign Immunity from suit under Pennsylvania's Eminent Domain Code and, consequently, this court is without jurisdiction to entertain such a claim. In response, plaintiff, while not conceding the sovereign immunity argument, seeks to amend its complaint pursuant to Fed.R.Civ.P.15 to assert a violation of the Fifth Amendment of the United States Constitution. If allowed to do so, plaintiff requests this court to retain jurisdiction under the constitutional claim or to transfer the action to the United States Court of Federal Claims where jurisdiction would be proper under the Tucker Act 28 U.S.C. § 1491. Defendants object to the Rule 15 amendment and, while conceding that plaintiff may pursue an inverse condemnation claim in the Federal Claims Court inasmuch as the amount sought exceeds $10,-000.00,[1] argues against transfer because it is not "in the interest of justice" to transfer.[2]

The court agrees with the defendants that the doctrine of sovereign immunity precludes this court from entertaining a condemnation action under the Pennsylvania Eminent Domain statute. Further, that even if a Rule 15 amendment is allowed, the court will still have no jurisdiction because the amount of the claim is in excess of $10,-000.00.

As to the request for transfer, defendants cite authority holding that, unless there is a statute of limitations bar to filing the action in Federal Claim Court, it would not be in the "interest of justice" to transfer the case from this court to the Federal Claims Court. McKeel v. Islamic Republic of Iran, 722 F.2d 582 (9th Cir.1983)(transfer not necessary to advance the interest of justice if the statute of limitations on the taking claim has not run); United States v. 255.21 Acres in Anne Arundel County, Maryland, 722 F.Supp. 235 (D.Md.1989)(Because factual questions remain as to when, or if, the Statute of Limitations has run, a transfer to avoid prejudice to the claimant is "in the interest of justice"). There is no statute of limitations problem here and plaintiff is free to file with the Federal Court of Claims in the first instance.

In sum, this court does not have jurisdiction under either Pennsylvania's Eminent Domain Code or a Fifth Amendment Claim exceeding $10,000.00. Further, the court concludes that it is not necessary "in the interest of justice" to transfer this case to the Federal Court of Claims and, therefore, declines the request to transfer.

---

1. While claims seeking damages of less than $10,000.00 may be brought in a U.S. District Court, claims for more than that can only be heard in the Federal Claims Court.

2. 28 U.S.C. § 1631 states that an action may be transferred if there is want of jurisdiction but it should be done only where the court finds that "it is in the interest of justice" to transfer.

After consideration of the arguments presented, it is ordered that the defendants' motion to dismiss (Doc. No.2) is granted and the Clerk is directed to close the case.